1
2
3
4          UNITED STATES DISTRICT COURT
5          EASTERN DISTRICT OF WASHINGTON
6  ROBERT GOODWIN ANDERSON,
7                          Plaintiff,          No.    2:14-CV-0112-WFN
8        -vs-                                  ORDER GRANTING PLAINTIFF'S
                                               MOTION FOR SUMMARY
9  CAROLYN W. COLVIN,                          JUDGMENT
   Acting Commissioner of Social Security,
10
                          Defendant.
11

12        Before the Court are cross-Motions for Summary Judgment (ECF Nos. 13 and 14).
13  Attorney Dana C. Madsen represents Plaintiff; Special Assistant United States Attorney
14  Jeffrey E. Staples represents Defendant.  The Court has reviewed the administrative record
15  and briefs filed by the parties and is fully informed.
16                          **JURISDICTION**
17        Plaintiff protectively applied for supplemental security income benefits on July 18,
18  2012, alleging disability beginning on January 1, 2005,[1] due to physical and mental
19  impairments.  The application was denied initially and on reconsideration.[2]
20        A hearing was held before Administrative Law Judge (ALJ) James Sherry on April
21  24, 2013.   At the hearing, Plaintiff, represented by counsel, testified as did K. Diana
22
23        [1]At the hearing, Plaintiff's counsel and the ALJ agreed that, for purposes of this
24  case, the disability onset date was the date of Plaintiff's application—July 18, 2012. (Tr. at
25  66.)
26        [2]Plaintiff filed an earlier application dated January 13, 2011 that was adjudicated
27  and denied on November 1, 2011.  Therefore, the time period relevant to this case begins
28  November 1, 2011.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 1

Kramer, a vocational expert (VE).  The ALJ concluded that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner.  Pursuant to 42 U.S.C. § 405(g), this final decision is appealable to the district court.  Plaintiff sought judicial review on April 22, 2014.

## FACTS

The facts of the case are set forth in detail in the transcript of the proceedings and are briefly summarized here.

At the time of the hearing, Plaintiff was 41 years old and lived at the Union Gospel Mission [UGM].  (Tr. at 64.)  Plaintiff did not complete school past the ninth grade and never obtained a GED.  (Tr. at 36.)

Plaintiff suffers from multiple sclerosis [MS], headaches, back issues, poor eyesight, sensitivity to light, weak legs, difficulty balancing, fatigue, and poor concentration.  (Tr. at 73-79.)  Plaintiff's impairments require him to lie down 2-3 times a day for approximately 30 minutes at a time.  (Tr. at 74.)

Despite his impairments, Plaintiff can walk 50-100 yards with the assistance of a cane, climb a flight of stairs, lift 10-20 pounds with some difficulty, sit for 15-20 minutes at a time, and perform light chores at UGM for a couple hours a day.  (Tr. at 69-79.)

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. § 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform.  *Batson v. Comm'r, Soc. Sec. Admin.,*

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 2

359 F.3d 1190, 1193-94 (9th 2004).  If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. § 416.920(a)(4)(i-v).

## ADMINISTRATIVE DECISION

At step one, the ALJ determined that Plaintiff did not engage is substantial gainful activity since July 18, 2012, the application date.

At step two, the ALJ found that Plaintiff had the following severe impairments: mild discogenic spondylosis of the cervical spine at C5-6 and lumbar spine at L5-S1; mild cervical dextroconvex scoliosis; chronic obstructive pulmonary disease/asthma; MS; alcohol and polysubstance dependence; adjustment disorder with mixed anxiety and depressed mood; personality disorder.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments described at 20 C.F.R. Part 404, Subpart P, Appendix 1(20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

At step four, the ALJ found that Plaintiff had the residual functional capacity [RFC] to perform medium work subject to certain exertional, social, and environmental limitations.  The ALJ concluded that Plaintiff could perform past relevant work as a hand packager and salvager.

Because the ALJ found Plaintiff capable of performing past relevant work, the ALJ did not reach step five.

## STANDARD OF REVIEW

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo. Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  [*Tackett*, 180 F.3d at 1097].  Substantial evidence is defined as being more than a mere scintilla, but

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 3

less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the ALJ did not apply the proper legal standards in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ISSUES

1. Did the ALJ err in evaluating the medical evidence of Plaintiff's mental and physical impairments?

2. Did the ALJ err in finding Plaintiff not credible and rejecting Plaintiff's subjective complaints?

## DISCUSSION

**1. Did the ALJ err in evaluating the medical evidence of Plaintiff's mental and physical impairments?**

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 4

Plaintiff argues that the ALJ erred by assigning greater weight to the opinions of nonexamining physicians Drs. Rubin and Eather and by not providing adequate reasons for rejecting the opinions of treating physician Dr. Wurst and examining physicians Drs. Greene and Arnold.

In weighing medical source opinions, the ALJ should distinguish between three different types of doctors: (1) treating doctors, who actually treat the claimant; (2) examining doctors, who examine but do not treat the claimant; and (3) nonexamining doctors who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. The ALJ should give more weight to the opinion of a treating doctor than to the opinion of an examining doctor. *Orn*, 495 F.3d at 631. The ALJ should give more weight to the opinion of an examining doctor than to the opinion of a nonexamining doctor. *Id.*

When a doctor's opinion is not contradicted by another doctor, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991) (quoting *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989)). When a doctor's opinion is contradicted by another doctor, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the first doctor. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

In this case, there is conflicting medical evidence regarding whether Plaintiff is disabled. *Compare* Tr. at 699 (Dr. Wurst opining that Plaintiff is "unable to perform work of any kind") *with* Tr. at 140 (Dr. Eather opining that Plaintiff is "capable of completing a 40 hour work week"). Therefore, the ALJ was only required to provide "specific and legitimate reasons" for rejecting the opinions finding Plaintiff disabled.

### a. John Wurst, M.D.

Plaintiff started seeing Dr. Wurst for treatment of his MS beginning September 21, 2010. (Tr. at 697.) Plaintiff continued to see Dr. Wurst about every one or two months through at least September 2012. (Tr. at 696.) Over this time period, Dr. Wurst consistently diagnosed Plaintiff with relapsing remitting MS. Dr. Wurst documented Plaintiff's complaints and appearance, monitored his level of pain, and made adjustments

to his medications.  It does not appear that Dr. Wurst ever assessed Plaintiff's mental or physical limitations or otherwise evaluated how Plaintiff's MS affected his daily activities or ability to work.  In a letter dated January 13, 2012, Dr. Wurst summarily opined that, because of Plaintiff's MS, Plaintiff is disabled and "unable to perform work of any kind." (Tr. at 259; 699.)

The ALJ gave little weight to Dr. Wurst's opinions reasoning that Dr. Wurst's opinions were not supported by his own findings, which revealed mild limitations.  (Tr. at 20.)  The ALJ also reasoned that Dr. Wurst's opinions were based on Plaintiff's non-credible self-reporting and that Plaintiff did not put forth maximum effort during muscle testing.  (Tr. at 20.)

Based on the record before him, the ALJ gave sufficient reasons for assigning little weight to Dr. Wurst's opinions.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (finding that an ALJ may cite internal inconsistencies in evaluating a physician's report); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (doctor's opinion may be discounted if it relies on a claimant's unreliable self-report).

Nevertheless, the Court finds that the ALJ erred in discounting Dr. Wurst's opinions without fully developing the record.  "In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered."  *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).  An ALJ fails to provide clear and convincing reasons for rejecting a physician's opinion when the ALJ does not know the basis of the opinion.  *Id*.  Dr. Wurst, a neurologist, has been Plaintiff's treating physician for several years and apparently is the only physician whom Plaintiff has regularly seen for his MS.  The Court agrees with the ALJ that Dr. Wurst's January 13, 2012 letter is conclusory.  But rather than completely discounting Dr. Wurst's opinion, the ALJ should have developed the record to determine the basis of Dr. Wurst's opinions.  *See id*.; *see also Hankerson v. Harris*, 636 F.2d 893, 896 (2d Cir. 1980) ("Before the ALJ can reject an opinion of a . . . claimant's treating physician because it is conclusory, basic principles of fairness require that [the ALJ] . . . give [the claimant] an opportunity to

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 6

obtain a more detailed statement.").  On remand, the ALJ should conduct an appropriate inquiry into Dr. Wurst's opinions by means of subpoena, by submitting further questions to Dr. Wurst, allowing Plaintiff to obtain a more detailed opinion, or other methods.

The ALJ should also be mindful of the fact that multiple sclerosis is a progressively disabling condition characterized by periods of remission and exacerbation.  *Estes v. R.R. Ret. Bd.,* 776 F.2d 1436, 1437 (9th Cir. 1985).  The Ninth Circuit has recognized that "multiple sclerosis can be disabling notwithstanding normal activity in periods of remission." *Id.* at 1438.  In evaluating a claimant with MS, the ALJ must consider "the frequency and duration of the exacerbations, the length of the remissions, and the evidence of any permanent disabilities." *Wilcox v. Sullivan,* 917 F.2d 272, 277 (6th Cir.1990); *see also* 20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 1, § 11.00(D) ("In conditions which are episodic in character, such as multiple sclerosis ... consideration should be given to frequency and duration of exacerbations, length of remissions, and permanent residuals.").  On remand, the ALJ should develop the record, through further inquiry into Dr. Wurst's opinions or otherwise, as to "the frequency and duration of the [Plaintiff's MS related] exacerbations, the length of the remissions, and the evidence of any permanent disabilities." *Wilcox,* 917 F.2d at 277.

### b.  William Greene, Ph.D.

Dr. Greene completed psychological evaluations of Plaintiff on March 16, June 8, and December 7, 2010.  These reports have limited relevance because they were all made before the time period relevant to this case—November 1, 2011.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").  Plaintiff argues that the ALJ failed to consider these evaluations in issuing his unfavorable decision on November 1, 2011.  ECF No. 13 at 4 n.4.  But a review of the ALJ's earlier decision shows that the ALJ did in fact consider Dr. Greene's evaluations.  *See* Tr. at 101 ("Little weight is given to the . . . evaluations completed by William Greene on . . . [March 16, June 8, and December 7, 2010].")  Because these opinions predate the period relevant to this case, and

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 7

because the ALJ considered them in his previous opinion, the ALJ was not required to revisit them.

Despite addressing Dr. Greene's opinions in his earlier decision, the ALJ addressed them again in the unfavorable decision that is presently before the Court. The ALJ gave little or no weight to Dr. Greene's opinions because they were based on Plaintiff's non-credible self-reporting and not supported by objective mental findings. (Tr. at 21.) The ALJ also reasoned that Plaintiff's ability to keep appointments and perform chores indicated that his focus and concentration were not disabling. (Tr. at 22.)

Even if Dr. Greene's opinions were fully credited, they would do not establish Plaintiff's disability. In the March 16, 2010 evaluation, Dr. Greene noted Plaintiff's alcohol and substance abuse history, and mild and moderate levels of depression and anxiety. (Tr. at 736.) Dr. Greene concluded, with the help of continuing counseling, Plaintiff would "be able to return to work full-time." (Tr. at 740.) In the June 8, 2010 evaluation, Dr. Greene noted increased severity of Plaintiff's depression and anxiety, which he attributed largely to Plaintiff's recent diagnosis of MS. Dr. Greene concluded, however, that over the course of 6 months, Plaintiff would likely be capable of transitioning to work he could do, even with MS. (Tr. at 753.) In the December 7, 2010 evaluation, Dr. Greene observed Plaintiff's depression and anxiety increase, rising to the "marked" level of severity, and noted physical problems relating to Plaintiff's MS. Dr. Greene noted that the "MS symptoms flare and then go into remission." (Tr. at 762.) Dr. Greene did not offer a conclusive determination on Plaintiff's ability to work, noting the recentness of Plaintiff's MS diagnosis and course of medication. (Tr. at 764.)

On remand, the ALJ need not re-address Dr. Greene's opinions because they are outside the time period relevant to this case, the ALJ considered them in a previous determination (that Plaintiff did not appeal), and they would not establish Plaintiff's disability.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 8

### c. John Arnold, Ph.D.

Dr. Arnold completed a psychological evaluation of Plaintiff on November 2, 2011. Dr. Arnold diagnosed Plaintiff with major depressive disorder, anxiety disorder, alcohol dependence sustained partial remission. (Tr. at 773.) Regarding Plaintiff's ability to work, Dr. Arnold noted that Plaintiff's symptoms would affect "regular attendance, concentration, productivity, and social interactions." (Tr. at 774.) But Dr. Arnold did not rule out the possibility that Plaintiff was capable of some types of work. Dr. Arnold concluded that Plaintiff could understand and carry out simple instructions, complete simple tasks without close supervision without disrupting others, recognize hazards and take appropriate precautions, and use the bus for transportation. (Tr. at 774.) Dr. Arnold also noted that Plaintiff could only concentrate for short periods of time and would work best in positions that have minimal interaction with others. (Tr. at 774.) Dr. Arnold recommended continued counseling and appropriate medication management. (Tr. at 774.) Regarding Plaintiff's test results, Dr. Arnold noted that Plaintiff likely over reported his symptoms, thus requiring the test results to be interpreted with caution. (Tr. at 776.)

The ALJ gave little weight to Dr. Arnold's opinions. The ALJ observed that Dr. Arnold was unaware of Plaintiff's ongoing alcohol dependence and that Plaintiff's test results were consistent for over-reporting or exaggeration of symptoms. (Tr. at 22-23.)

On remand, development of the record may require reconsideration of Dr. Arnold's opinions.

### d. Diane Rubin, M.D. and Bruce Eather, Ph.D.

Drs. Rubin and Eather reviewed Plaintiff's medical record for a state-level determination of disability on October 22, 2012. Dr. Rubin noted Plaintiff's diagnoses of MS, back disorders, asthma, alcohol and substance addiction disorders, and affective disorders. (Tr. at 135.) Dr. Rubin gave significant weight to the opinions of Dr. Wurst and the records from Sacred Heart Hospital. (Tr. at 136-37.) Dr. Rubin rated Plaintiff's exertional limitations finding few physical limitations. (Tr. at 137-39.) Dr. Eather completed a mental RFC and rated Plaintiff's mental limitations as mostly moderate or not

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 9

significant.  (Tr. at 139-40.)  Dr. Eather opined that Plaintiff was "[c]apable of non[-] complex and multi[-]step routine tasks, concentration and pace may wane due to [symptoms] . . . capable of completing a 40 hour work week."  (Tr. at 140.)

The ALJ gave significant weight to Dr. Rubin's and Dr. Eather's opinions reasoning that they were well supported by the objective medical evidence.  (Tr. at 21.)

The Court concluded *supra* that the ALJ must augment the record regarding Dr. Wurst's opinions and Plaintiff's physical and mental limitations caused by his MS.  As Dr. Rubin and Dr. Eather both rely, in part, on Dr. Wurst's opinions, the ALJ may need to further analyze the opinions of Drs. Rubin and Eather depending on the development of the record on remand.  And, as the ALJ is no doubt well aware, he must give greater weight to the opinions of treating doctors than to the opinion of examining doctors and more weight to the opinions of examining doctors than to the opinions of nonexamining doctors.  *Orn*, 495 F.3d at 631.

### e.  Jerry Gardner, Ph.D.

Dr. Gardner completed a review of Plaintiff's medical record for a state-level determination of disability on August 29, 2012.  Dr. Gardner noted Plaintiff's diagnoses of MS, back disorders, asthma, alcohol and substance addiction disorders, and affective disorders.  (Tr. at 121.)  Dr. Gardner gave significant weight to the opinions of Dr. Wurst and the records from Sacred Heart Hospital.  (Tr. at 123.)  Dr. Gardner rated Plaintiff's exertional, mental, and social limitations and ultimately concluded that Plaintiff was not disabled.  (Tr. at 123-27.)

The ALJ gave great weight to Dr. Gardner's opinions because they were internally consistent and consistent with the objective medical evidence.

The Court concluded *supra* that the ALJ must augment the record regarding Dr. Wurst's opinions and Plaintiff's physical and mental limitations caused by his MS. As Dr. Gardner relies, in part, on Dr. Wurst's opinions, the ALJ may need to further analyze Dr. Gardner's opinion depending on the development of the record on remand.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 10

**2.  Did the ALJ err in finding Plaintiff not credible and rejecting Plaintiff's subjective complaints?**

The ALJ found Plaintiff's reporting of his symptoms not entirely credible.  In reaching this conclusion, the ALJ primarily reasoned that Plaintiff's reporting of symptoms was inconsistent with the objective medical evidence and Plaintiff's activities of daily living.  (Tr. at 18, 24.)  Throughout the opinion, the ALJ also noted other factors that influenced his credibility decision including the fact that Plaintiff (1) did not require hospitalization, Tr. at 18 and 21; (2) did not undergo more than conservative treatment with pain medication, Tr. at 18-19; and (3) engaged in drug seeking behavior, Tr. at 19.

It is generally the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039.  "To determine whether the claimant's testimony regarding the severity of [his] symptoms is credible, the ALJ may consider, for example: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and, (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284.  Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "specific, clear and convincing" reasons for rejecting the claimant's testimony about the severity of the symptoms.  *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

The Court held *supra* that the ALJ must further develop the record regarding Dr. Wurst's opinions.  If development of the record reveals an objective basis for Dr. Wurst's opinion that Plaintiff is completely disabled and unable to work, then the ALJ will need to reassess Plaintiff's credibility. The ALJ should also re-evaluate Plaintiff's credibility in light of the fact that MS often follows "periods of remission and exacerbation." *Estes*, 776 F.2d at 1437.  As the ALJ will likely need to re-evaluate Plaintiff's credibility upon further development of the record, the Court need not address Plaintiff's specific assignments of error related to the ALJ's credibility determination.

**ISSUES ON REMAND**

Remanding for further proceedings is appropriate in this case because the record is not sufficiently developed and it is not clear from the record that the ALJ would be required to find Plaintiff disabled upon augmentation of the record. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). On remand, the ALJ should:

1. Conduct an appropriate inquiry into Dr. Wurst's opinion that Plaintiff is unable to work because of his MS. The ALJ may make this inquiry by means of subpoena, by submitting further questions to Dr. Wurst, allowing Plaintiff to obtain a more detailed opinion from Dr. Wurst, or other methods.

2. Consider that multiple sclerosis is a progressively disabling condition characterized by periods of remission and exacerbation. The ALJ shall develop the record, through further inquiry into Dr. Wurst's opinions or otherwise, as to the frequency and duration of the Plaintiff's MS related exacerbations, the length of the remissions, and the evidence of any permanent disabilities.

3. If necessary, reconsider the other medical evidence, including the opinions of Drs. Gardner, Arnold, Rubin and Eather, which relied on Dr. Wurst's opinions to some extent.

4. Reassess Plaintiff's credibility if development of the record reveals an objective basis for Dr. Wurst's opinion that Plaintiff is completely disabled and unable to work.

5. If necessary, analyze how Plaintiff's past and/or current alcohol use may contribute to his MS or other impairments. If the ALJ finds Plaintiff disabled on remand, the ALJ should also determine whether Plaintiff's DAA is a contributing factor material to his disability.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court concludes that there are unresolved issues, the record does not clearly require a finding of disability, and further development of the record is required. Accordingly,

**IT IS ORDERED** that:

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 12

1.   Plaintiff's Motion for Summary Judgment, filed October 27, 2014, **ECF No. 13**, is **GRANTED**.

2.   Defendant's Motion for Summary Judgment, filed December 8, 2014, **ECF No. 14**, is **DENIED**.

3.   This matter is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this decision and sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** this 15th day of January, 2015.


                                          s/ Wm. Fremming Nielsen
                                        WM. FREMMING NIELSEN
01-12-15                      SENIOR UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 13